UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ZHUMING WANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-01305-SRC |
| | ) | |
| JOSEPH B. EDLOW et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Memorandum and Order**

The Court dismisses this action for lack of subject-matter jurisdiction. Zhuming Wang sued several federal officials in their official capacities, asserted that Defendants have unreasonably and unjustifiably delayed his I-485 Application to Register Permanent Residence or Adjust Status, and requested declaratory relief and a writ of mandamus. Doc. 1 at 4–6 (The Court cites to page numbers as assigned by CM/ECF.). As the Court held in *Mokone v. United States Citizenship & Immigration Services*, No. 4:25-cv-00566-SRC, 2026 WL 850521 (E.D. Mo. Mar. 27, 2026), it has no jurisdiction over this action.

## I. Background

Wang asserts that he filed an I-485 application for adjustment of status in June 2024 based on his approved I-130 petition for alien relative. Doc. 1 at 2–3. He also asserts that the United States Citizenship and Immigration Service has unreasonably failed to timely adjudicate his application, even though he interviewed with USCIS in December 2024 and provided the requested additional evidence in February 2025. Doc. 1 at 4; doc. 10 at 2, 7.

Wang filed this claim under the Declaratory Judgment Act, 28 U.S.C. § 2201; the Administrative Procedures Act, 5 U.S.C. §§ 555, 701 *et seq.*; and the Mandamus Act, 28 U.S.C.

§1361. Doc. 1 at 2. He states he "has a clear right to have his application adjudicated in a timely manner" because "adjudication of an adjustment of status application is a ministerial, non-discretionary task that Defendants must perform within a reasonable period of time." Doc. 1 at 5.

The Court ordered Wang to show cause why it should not dismiss the action in light of its recent decision in *Mokone*, where it held that the statute bars courts from reviewing delays in adjudicating I-485 applications. Doc. 6 at 1. Because Wang fails to adequately distinguish this case from *Mokone*, *see* doc. 10, the Court dismisses his case for lack of subject-matter jurisdiction.

## II. Standard

A court may raise the issue of subject-matter jurisdiction at any time. Because subject-matter jurisdiction "involves a court's power to hear a case, it can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002); *United States ex rel. Kraemer v. United Dairies, L.L.P.*, 82 F.4th 595, 606 (8th Cir. 2023) (noting that lack of subject-matter jurisdiction may be raised "by a court on its own initiative, at any stage in the litigation" (citation omitted)). And if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. Discussion

In *Mokone*, the Court held that 8 U.S.C. § 1252(a)(2)(B)(ii) stripped the Court of jurisdiction to review the delayed adjudication of Mokone's I-485 application. *See Mokone*, 2026 WL 850521, at *2–5. The Court reasoned that determining when to adjudicate an I-485 application is a discretionary decision of the Attorney General or Secretary of Homeland Security. *Id*. As the Court stated, "determining *when* to adjudicate . . . I-485s is among the

discretionary decisions or actions precluding judicial review under section 1252(a)(2)(B)(ii)." *Id*. at *3.

But Wang argues that "[t]he duty to process applications and conclude such within a reasonable time is a ministerial, non-discretionary duty that Defendants must perform within a reasonable period of time." Doc. 10 at 2. Just as the applicant argued in *Mokone*, he argues that the Court has the power to compel USCIS to decide, just not what decision to make. *Compare* doc. 10 at 2 *with Mokone*, 2026 WL 850521, at *5. Wang attempts to distinguish his case from *Mokone* by arguing that *Mokone* relied on distinguishable precedent, that the Court reached its holding by reasons other than what it stated, that the APA and Mandamus Act provide jurisdiction, and that *Mokone* was wrong. *See* doc. 10 at 3–11. None of these are persuasive, and they all amount to requesting that the Court overturn *Mokone*.

First, Wang states that the Court in *Mokone* relied on distinguishable cases: *Rajasekaran v. Hazuda*, 815 F.3d 1095 (8th Cir. 2016); *Thigulla v. Jaddou*, 94 F.4th 770 (8th Cir. 2024); *Bouarfa v. Mayorkas*, 604 U.S. 6 (2024); and *Fofana v. Noem*, 163 F.4th 1135 (8th Cir. 2026). Doc. 10 at 4–6. He essentially argues that the cases don't support the holding in *Mokone*, *id.*, but the Court finds that they do. *See generally*, *Mokone*, 2026 WL 850521.

Second, Wang argues that *Mokone* depended on grounds other than what the Court said. Doc. 10 at 4 ("[B]ecause the USCIS statutorily lacked the jurisdiction to adjudicate the I-485 application, the *Mokone* court could not exercise jurisdiction to compel adjudication of the application because it was statutorily barred . . . [and] dismissal was proper."). In fact, the Court in *Mokone* found that the statute barred judicial review because "[t]wo elements trigger § 1252(a)(2)(B)(ii)'s jurisdictional bar," both of which were present: "(1) a decision or action by

the Attorney General or the Secretary of Homeland Security and (2) statutorily specified discretion." *Mokone*, 2026 WL 850521, at *2, (citing *Thigulla*, 94 F.4th at 774).

Third, Wang asserts that the Mandamus Act and the APA provide jurisdiction. Doc. 10 at 9. But as the Court reasoned in *Mokone*, review under the former "is unavailable, because the statute explicitly removes jurisdiction '[n]otwithstanding any other provision of law . . ., including . . . [the Mandamus Act, 28 U.S.C. § 1361].'" *Mokone*, 2026 WL 850521, at *5 (alteration in original). And review under the latter is also unavailable because the "APA's right to judicial review does not apply when 'statutes preclude judicial review.'" *Mokone*, 2026 WL 850521, at *5 (quoting *Thigulla*, 94 F.4th at 774).

Finally, Wang argues that the Court in *Mokone* misreads Section 1252(a)(2)(B)(ii) because it "does not bar inactions or failure to perform ministerial duties assigned." Doc. 10 at 8. Because Wang fails to cite binding precedent or a statutory change requiring overturning *Mokone*, *id.*, the Court declines to overturn it for the reasons discussed there. *See generally Mokone*, 2026 WL 850521.

Because Wang fails to distinguish this case from *Mokone*, the Court applies the same rule here. It has no subject-matter jurisdiction to review the delayed adjudication of Wang's I-485 application. *See Mokone*, 2026 WL 850521, at *2–5.

## IV. Conclusion

Accordingly, the Court dismisses this case without prejudice for lack of subject-matter jurisdiction. An order of dismissal accompanies this Memorandum and Order.

So ordered this 1st day of October 2026.

SLR.CR

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE